MaddeN, Judge,
delivered the opinion of the court:
The Government has moved to dismiss the plaintiff’s petition upon the grounds (1) that it does not state a cause of *416 action, against the United States and (2) that a judgment against the plaintiff in another action hereinafter referred to makes the issues here presented res judicata.
We summarize the allegations of the petition. It alleges that on or about January 13, 1947, at Yoorheesville, New York, the plaintiff entered into a contract with the United States, in which the plaintiff agreed to purchase and the United States to sell certain cable and tractors, then in a deliverable condition, for $109,445.70. The plaintiff was to pick up the goods at their then location on January 22,1947. The entire contract was embodied in a “seller’s sales order” and the conditions of sale printed thereon, copies of which are attached to the plaintiff’s petition. The plaintiff paid the purchase price and performed the conditions on its part to be performed.
The goods were surplus property, as defined in the Surplus Property Act of 1944, 58 Stat. 765 as amended. In accordance with Section 18 (e) of that statute, the War Assets Administration, the Government agency having charge of the sale of surplus property, had offered the goods first to other Government agencies, and then to veterans, and those priority purchasers not having purchased the goods, had offered them for sale to the plaintiff and other qualified small business purchasers. The sale to the plaintiff was a “fixed price site sale”, that is, the price had been fixed in advance by the United States.
On or about January 22, 1947, the United States unlawfully and wrongfully repudiated the contract of sale to the plaintiff and failed and refused, and continued to fail and refuse to deliver the goods to the plaintiff. The current and market price of the goods at the time of the alleged breach of contract exceeded the contract price. The plaintiff asks the Court to determine that current or market price and award the plaintiff damages.
The Government, in support of its motion to dismiss asks us, rightly, we think, to look at the copy of the “seller’s sales order” which the plaintiff filed with its petition. The Government says that this document shows on its face that there was no contract between the United States and the plaintiff. That paper, headed
*417 SHE SALES ORDER, CORY NO. 2, BUYER’S CORY WAR ASSETS ADMINISTRATION
said “Sold to RFC 44 Pine Street, New York City, N. Y.
“Ship to William J. Kelly Co., Inc.
603 Albany Street, Boston, Massachusetts.”
It then lists the property sold. Attached was a sheet of “Conditions of Sale” containing ten numbered paragraphs.
The Government says the Government, acting through the War Assets Administration made its contract of sale, if any, not with the plaintiff, but with the R. F. C., the Reconstruction Finance Corporation.
We now consider the other judicial proceeding which the Government here relies on as making the present one res judicata. On or about May 12,1947, the plaintiff instituted an action in the United States District Court for the District of Massachusetts against, inter alia, the R. F. C. The defendants other than the R. F. C. were dismissed from the case, some by amendment and one by the plaintiff’s motion. A motion by the R. F. C. to dismiss the action as to it was filed and an affidavit of Chauncey Y. Dodds, Chief of the Small Business Division, R. F. C., was presented in support of that motion. Mr. Dodds deposed, in effect, that the R. F. C.’s function under the Surplus Property Act of 1944 was one of service to small businesses by assisting them to purchase surplus property held by disposal agencies, the determination of what persons qualify as small businesses, and the serving as a conduit to them. He deposed that a form L-380 which passed between the R. F. C. and the plaintiff was not a contract of sale from the R. F. C. to the plaintiff, but only a step in the procedure whereby the plaintiff might obtain goods from the War Assets Administration, the Government’s disposal agency. The motion to dismiss was argued at length by counsel, and Judge Sweeney of the District Court in granting the R. F. C.’s motion to dismiss, said, in an apparently unreported decision, that the plaintiff was the purchaser and the War Assets Administration the seller in the transaction, the R. F. C. being a conduit between , the two.
The plaintiff appealed to the United States Court of Ap *418 peals for the First Circuit. That Court affirmed the decision of the District Court. William J. Kelly Co. v. Reconstruction Finance Corporation, 112 F. (2d) 865. The Court of Appeals said, page 867, “We may assume, without deciding, that if the transaction had actually been consummated, the formal mechanism would have been a purchase from the War Assets Administration by the Reconstruction Finance Corporation and then a resale by Reconstruction Finance Corporation to Kelly”. Then the Court went on to say that even on that assumption, there was no liability on Reconstruction Finance Corporation for breach of contract if, without its fault, the War Assets Administration failed to make the goods available.
From an examination of the proceedings in the litigation in Massachusetts we conclude that we would not be justified in deciding merely on the basis of the allegations of the petition, that the plaintiff has not stated a cause of action against the United States. The plaintiff has handicapped itself somewhat by its rather brash statement in paragraph II of its petition that “the entire contract” was embodied in the attached sales order. We suppose that no piece of writing is completely understandable without some showing of how and in what circumstances it happened to be written. The District Judge, from the additional light that he got from Mr. Dodd’s affidavit, seems to have thought that the plaintiff did have a contract with the United States. We will hear the evidence for and against the allegations of the petition.
As to the Government’s res judicata contention, what we have already recited about the litigation in Massachusetts shows that all that was adjudicated was that the plaintiff did not have a cause of action against the Réconstruction Finance Corporation. In that litigation the distinction, in law, between the R. F. C. and the Government was insisted upon, and the plaintiff was defeated. It should not be defeated again on the ground that there is no distinction.
The Government’s motion to dismiss the plaintiff’s petition is denied.
Howell, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.